Opinion by DONLON, J.  It was stipulated that the merchandise is a mixed feed, consisting of a mixture of 80 percent cottonseed flake cake, 10 percent ground milo maize, and 10 percent cottonseed hulls.  On the record presented and following *Pioneer Transfer Co.* v. *United States* (30 Cust. Ct. 101, C.D. 1504), the claim of the plaintiff was sustained.

No. 63595.—W. J. Bush & Co., Inc., et al. *v.* United States, protests 149371–K, etc. (New York).

Opinion by RICHARDSON, J.  In accordance with stipulation of counsel that the merchandise is the same in all material respects as that involved in *Dalton Cooper, Inc., et al.* v. *United States* (41 Cust. Ct. 271, C.D. 2051), the claim of the plaintiffs was sustained.

DONLON J., dissented for the reasons set forth in her dissenting opinion in C.D. 2051, *supra.*

BEFORE THE THIRD DIVISION, DECEMBER 11, 1959

No. 63596.—Perry Bayliss Wiley (U.S.A.), Inc., and Inter-Maritime Forwarding Co., Inc. *v.* United States, protests 324919–K, etc. (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise consists of automobile tires similar in all material respects to those the subject of *A. N. Deringer, Inc.* v. *United States* (38 Cust. Ct. 327, C.D. 1882), the claim of the plaintiffs was sustained.

No. 63597.—Baltic Trading Co., Ltd., et al. *v.* United States, protests 58/19909, etc. (New York).

Opinion by JOHNSON, J.  It was stipulated that an allowance was made for gelatinous substance on certain canned hams and similar pork products equal to 8 or 10 percent of the contents of the tins, whereas there should have been an allowance of 12 percent.  In accordance with stipulation of counsel and following *Axel Stokby et al.* v. *United States* (4 Cust. Ct. 343, C.D. 358), the merchandise was held dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, upon the basis of the net weight of the contents of the tins, less an allowance for gelatinous substance equal to 12 percent of the content of each tin.

No. 63598.—Federal Wine & Liquor Co. *v.* United States, protests 994183–G, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63599.—Standard Wine & Liquor Co., Inc. *v.* United States, protests 73539–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63600.—V. Casazza & Bro., Inc., et al. *v.* United States, protests 91330–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

DECEMBER 8, 1959

No. 63601.—SUIT 5007.—United States *v.* General Twine Corp.—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—C.D. 2075. (Appeal dismissed October 6, 1959.)

BEFORE THE FIRST DIVISION, DECEMBER 15, 1959

No. 63602.—Lador, Inc. *v.* United States, protest 58/1695 (New York).

OLIVER, Chief Judge: This protest has been limited to certain musical movements included on the invoices covered by entries 906207 and 803146. Duty was assessed thereon at the rate of 20 per centum ad valorem under paragraph 1541 of the Tariff Act of 1930, as amended, as parts of music boxes. Plaintiff claims that the merchandise is properly classifiable as machines, not specially provided for, under paragraph 372 of the Tariff Act of 1930, as modified, with a duty assessment of 13 per centum ad valorem.

The two witnesses who appeared herein are officers of the plaintiff corporation, an importer and manufacturer of musical and nonmusical novelties. The secretary of the plaintiff corporation, who is also the factory manager, described the operation of the musical movements in question, as follows (R. 26):